Dear Mr. Lawrence:
Your questions concerning the fire and police civil service law arise in the following factual context, which we relate from the information provided in your letter to this office.[1] Over two years ago, a fire department employee was appointed to his current competitive class and position. He now holds regular and permanent status in this competitive position. At the time of his appointment to his current position, this employee was serving the "working test" period in a lower promotional position in the fire department, which he left uncompleted in order to accept the appointment to the competitive position.
A vacancy exists in this employee's former promotional class, and he has submitted a request to the appointing authority for voluntary demotion to his prior and lower promotional position. You advise that while requests for voluntary demotion are not unheard of, it is unusual for an employee to ask to be returned to a position in which he is unconfirmed as a regular and permanent employee. *Page 2 
His status as unconfirmed in the prior position is contrary to the normal course of events. In the fire and police civil service, progression from class to class is by promotion, after an employee is confirmed as a regular and permanent employee by the completion of a working test period. Holding employment status as a regular and permanent employee in one position is almost always a qualification for admittance to take the next promotional examination for the next higher position and class.[2]
This situation prompts your office to ask if this employee is entitled by state law to be voluntarily demoted to his prior position, given the fact that he chose to leave the prior position having served only two of the statutory minimum of six months of the working test period. Further, you raise the issue of whether the law recognizes a voluntary demotion as a legal method available to return him to his prior position, or if instead, state law requires this employee to retake the promotional employment test in order to be appointed to his prior position from a promotional employment list. The implication here is that granting this employee's request for voluntary demotion would displace those employees currently waiting upon an active promotional employment list for appointment to the position. Finally, if the appointing authority grants his request for voluntary demotion to the prior position, you ask if under the law he is entitled to credit for the two months he served in the working test period.
For the following reasons, more fully explained below, it is the opinion of this office that the appointing authority has the discretion to grant this employee's request for voluntary demotion to his prior position. He is not required to retake the promotional examination and again be placed on a promotional employment list for appointment to his prior position. It is also our opinion that this employee removed himself from the working test period in the prior position by his acceptance of another position, and is not entitled under law to credit for the two months served; rather, if his request for voluntary demotion is granted, he must begin a new "working test" period to be confirmed as a regular and permanent employee in the prior position.
The facts related in your letter indicate this employee's appointment to his prior position was made from a promotional employment list, signifying that he met all qualifications set forth in the civil service law for admission to the promotional test, [3] and having passed the test, his name was placed upon a promotional employment list for the class for which he was tested.[4] His appointment from this promotional employment list occurred because he was certified by his civil *Page 3 
service board as the eligible person on the list with the greatest seniority in department service.[5]
We also note that this employee was appointed to his prior position during the eighteen-month period in which an employee's name remains eligible for appointment on a promotional employment list. This eighteen-month period has now elapsed. The significance of the expiration of the eighteen-month period is that if the only avenue available to this employee to return to his prior position is by appointment from a promotional employment list, he would be required to retake the promotional examination and again be placed on a promotional employment list for appointment to his prior position.[6]
Your questions prompt us to first consider, in general, the statutory methods available to the appointing authority to fill vacancies in the fire and police classified service. State law provides that such vacancies shall be filled by one of the following methods: demotion,transfer, reinstatement, promotional appointment, competitiveappointment, re-employment, or temporary appointment.[7]
In the facts at hand, because this employee desires to move from a higher to a lower position in the classified service, several of these methods are inapplicable, and will be briefly dispensed with here. Atransfer is here inapplicable because a transfer addresses a lateral change of positions and does not address a change from a higher to a lower position.[8] A competitive appointment is inapplicable because the position is promotional and not competitive.[9] While areinstatement list contains the names of regular employees who have been demoted for a reason other than disciplinary action, appointment from this list is inapplicable to this discussion as the selection of a name from this list applies to an employee desiring to return to a higher position.[10] A re-employment list contains the names of employees who have been laid-off because of budgetary constraints; appointment from the re-employment list is inapplicable here because this employee is not returning to his prior position as a result of a lay-off.[11] Atemporary appointment is also inapplicable because this employee seeks permanent status in the position.[12] *Page 4 
The foregoing discussion indicates there are only two methods of appointment to consider here, specifically, demotion or promotionalappointment. A demotion is defined by civil service law to be "a change of an employee in the classified service from a position of one class to a position of a lower class which generally involves less responsibility and provides less pay."[13] Typically, a demotion is involuntary, meaning a demotion is most often used in the following contexts: because of lay-offs, [14] when a position or class is abolished, [15] or as a result of disciplinary action.[16] However, the statutory definition ofdemotion providing for a change "from a position of one class to a position of a lower class" does not qualify or otherwise limit this method solely to those demotions occurring in an involuntary context. Thus, it is the opinion of this office that a demotion could be involuntary or voluntary, meaning a voluntary demotion is an acceptable method to fill a vacancy.
As previously noted, if the only avenue available to this employee to return to his prior position is by promotional appointment, this employee would be required to retake the promotional examination and again be placed on a promotional employment list for appointment to his prior position. However, state law does not provide for an order of preference requiring that promotional appointment be the method first used to fill a vacancy. To the contrary, state law provides the following:
Whenever the appointing authority proposes to fill a vacancy in the classified service, except by demotion, transfer, emergency appointment, or by substitute employment not to exceed thirty days, he shall request the board to certify names of persons eligible for appointment to the vacant position. The board shall thereupon certify in writing the names of eligible persons from the appropriate employment list, and the appointing authority shall, if he fills the vacancy, make the appointment as provided by this Section.[17]
If the appointing authority decides to fill a vacancy "from the names of eligible persons from the appropriate employment list," the civil service board must provide certification of names in the following order: from the reinstatement employment list first, if applicable; the re-employment list next, if applicable; and then from the promotional or competitive list, as applicable.[18] *Page 5 
It is our interpretation of the above cited law that the appointing authority has the discretion to decide to fill a vacancy by voluntary demotion (or by transfer, emergency appointment, or by substitute employment not to exceed thirty days) or by selecting names from an employment list. As discussed, state law acknowledges an order or priority of appointment methods only in the event the appointing authority proposes to fill a vacancy from an employment list, and in that event, appointment from an applicable reinstatement list occurs first, from an applicable re-employment list next, and then appointment from a promotional list.
As a result, it is the opinion of this office that the appointing authority may choose to grant this employee's request for voluntary demotion to his prior position, even though he was unconfirmed in the position for not completing his working test period, and even if an active promotional employment list is in existence.
Here, we pause to acknowledge that state law provides that "each employee who, during or at the expiration of his working test period of probation . . . is rejected and refused permanent status in the position" is "automatically reinstated to the position from which he was promoted" and that an employee in these circumstances is required to retake the promotional examination in order to be again placed upon the promotional employment list for reappointment to the position.[19] However, it is the opinion of this office that the facts in this matter do not dictate a result requiring this employee to retake the promotional examination, insofar as the appointing authority did not reject or refuse him permanent status in the prior position.
If the appointing authority grants this employee's request for voluntary demotion, you ask if state law entitles him to credit for the two months he served in the working test period. Under the fire and police civil service law, every person appointed to a position in the classified service following the certification of his name from a promotional or a competitive employment list "shall be tested by a working test while occupying the position before he may be confirmed as a regular and permanent employee in the position."[20] The working test commences immediately upon appointment and continues for a period of not less than six months and no more than one year.[21]
State law provides that an employee may be removed from the position during the working test period if "he is unable or unwilling to perform satisfactorily the duties of the position to which he has been appointed."[22] It is the opinion of this office that this employee effectively removed himself from the working test period in his prior promotional position by accepting the appointment to his current *Page 6 
competitive position. The law is silent regarding whether or not he is entitled to be given credit for the two months he served in the working test, should he be permitted to return to his prior position. However, because this employee chose to prematurely leave the prior working test period, as a matter of equity, it is the opinion of this office that if this employee must begin a new working test period in order to be confirmed as a regular and permanent employee in the position.[23]
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILAPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] In your letter to this office, the specific fire department involved is not mentioned. Because there are companion bodies of fire and police civil service law, each containing similar provisions, reference will be made to those statutes applicable to both small and large municipalities. See the Fire and Police Civil Service Law for Municipalities Between 13,000 and 250,000 at La.R.S. 33:2471, et seq., and the Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts at La.R.S. 33:2531, et seq.
[2] La.R.S. 33:2473(16); La.R.S. 33:2533(16).
[3] La.R.S. 33:2493(A)(1); La.R.S. 33:2553(A)(1).
[4] La.R.S. 33:2491 (D); La.R.S. 33:2551(4).
[5] La.R.S. 33:2494(C); La.R.S. 33:2554(C).
[6] La.R.S. 33:2491(F); La.R.S. 33:2551(6).
[7] La.R.S. 33:2487; La.R.S. 33:2547.
[8] La.R.S. 33:2489; La.R.S. 33:2549.
[9] The names on a promotional employment list are ranked from highest to lowest score test scores according to their total seniority in department service, while the names on a competitive employment list are ranked from highest to lowest according to their final test scores. See La.R.S. 33:2491 (D) and La.R.S. 33:2551(4).
[10] La.R.S. 33:2490(B); La.R.S. 33:2550(B).
[11] La.R.S. 33:2490(C); La.R.S. 33:2550(C).
[12] La.R.S. 33:2496; La.R.S. 33:2556.
[13] La.R.S. 33:2473(8); La.R.S. 33:2533(8).
[14] La.R.S. 33:2499; La.R.S. 33:2559.
[15] La.R.S. 33:2498; La.R.S. 33:2558.
[16] La.R.S. 33:2477(5); La.R.S. 33:2537(5).
[17] La.R.S. 33:2494; La.R.S. 33:2554.
[18] Id.
[19] La.R.S. 33:2490(A); La.R.S. 33:2550(A).
[20] La.R.S. 33:2495(A); La.R.S. 33:2555(A).
[21] La.R.S. 33:2495(B)(1)(a); La.R.S. 33:2555(B)(1)(a).
[22] La.R.S. 33:2495(B)(1)(a)(ii); La.R.S. 33:2555(B)(1)(a)(ii). 22 La.R.S. 33:2495(B)(1)(a)(ii); La.R.S. 33:2555(B)(1)(a)(ii).
[23] La.C.C. art. 4 is entitled "absence of legislation or custom" and provides: "when no rule for a particular situation can be derived from legislation or custom, the court is bound to proceed according to equity. To decide equitably, resort is made to justice, reason, and prevailing usages."